Case 1:26-cv-01732-CM Document 29 Filed 11/04/26 Page 1 of 7

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MIRANDA COUGHLAN,

Plaintiff,

against

SIXTY HOSPITALITY, LLC d/b/a AVRA MADISON,

Defendant.

CIVIL ACTION NO.: 1:26-cv-01732

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/6/2026

**WHEREAS**, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

**ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as Confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. Any Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with this action.

3. In the event a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. The terms of this Protective Order shall continue to apply to designated information or documents until the Court rules upon the challenge. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of Confidential Information.

4. Documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The parties and their counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

Case 1:26-cv-01732-CM Document 29 Filed 11/04/26 Page 2 of 7

c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and

d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying Confidential Information to any person, counsel must:

a. Inform the person of the confidential nature of the information or documents;

b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and

c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If at any time before the termination of this action a producing party realizes that it should have designated as "Confidential" some portion(s) of discovery material that it previously produced without limitation, the producing party may so designate such material by notifying all parties in writing. Thereafter, all persons subject to this Stipulation and Order will treat such designated portion(s) of the material as Confidential Information in accordance with the provisions in this Order. In addition, the producing party shall provide each other party with replacement versions of such material that bears the "Confidential" designation within three business days of providing such notice. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502(d), the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, either

Case 1:26-cv-01732-CM Document 29 Filed 11/04/26 Page 3 of 7

as to the produced material or as to the subject matter thereof. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Upon receiving written notice from the producing party that privileged and/or work-product protected material has been produced, the receiving party shall, within ten (10) business days of receipt of such notice, return all such material and all copies thereof to the producing party, shall attempt, in good faith, to retrieve and return or destroy all copies of such material in electronic format, and shall not use such material for any purpose until further order of the Court. The receiving party may contest the privilege or work-product designation by giving the producing party written notice of the reason for its disagreement; however, the receiving party may not challenge the privilege or protection claim by arguing that the disclosure itself is a waiver of any applicable privilege or protection. Any such challenge shall be made by motion to the Court within fifteen (15) business days from the producing party's initial notice. Any analyses, memoranda or notes internally generated based upon such produced material shall immediately be sequestered and shall be destroyed in the event that (a) the receiving party does not contest that the material is privileged or protected, or (b) the Court rules that the material is privileged or protected. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. If a receiving party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is (i) subject to any claim of privilege or attorney work product protection and (ii) appears to have been inadvertently produced, the receiving party shall immediately take reasonable steps to: (a) refrain from any further examination or disclosure of such information or materials; and (b) provide reasonably prompt written notice to the producing party that such information or materials appear to be privileged.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. For requests to file information under seal, the parties shall follow the individual rules of the judge for whom the information is being submitted, as well as the Court's ECF Rules & Instructions.

11. At the conclusion of litigation. Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or, upon permission of the producing party, destroyed, and any Confidential Information, including any derivative information, submitted to or stored within any AI Tool (as defined in Paragraph 13) shall be deleted from such AI Tool within the same period. Notwithstanding this provision, the parties and their attorneys may retain archival copies of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product relating to this action, provided that such archival copies remain subject to this Stipulation and Order.

Case 1:26-cv-01732-CM Document 29 Filed 11/04/26 Page 4 of 7

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena, provided that, to the extent permitted by law, the party from whom disclosure is sought shall give the producing party prompt written notice of the subpoena or other demand, and in any event before any disclosure is made, so that the producing party has a reasonable opportunity to object or seek a protective order.

13. Confidential Information shall not be submitted, uploaded, disclosed, or otherwise provided to any Artificial Intelligence Tool (whether through direct input or document upload, in whole or in part) except as permitted by this Order and solely for the purposes of this litigation. For the purposes of this Order, "Artificial Intelligence Tool" or "AI Tool" means any software, platform, model, chatbot, or similar service using artificial intelligence, machine learning, large language models, generative AI, automated analytics, or similar technology to process, analyze, classify, summarize, search, translate, draft, generate, or otherwise assist with content. Confidential Information shall not be used with any publicly accessible, open, or consumer-facing AI Tool, including but not limited to: OpenAI's ChatGPT consumer products, Google Gemini consumer products, Anthropic's Claude consumer products, Microsoft Copilot consumer products, or any substantially similar tool generally available to the public. Input of Confidential Information into such a tool shall be considered an unauthorized disclosure to a third party for purposes of this Order. To the extent any party uses any AI Tool, Confidential Information entered into the AI Tool and results received from the AI Tool shall (i) be accessible only to persons authorized to receive Confidential Information under Paragraph 4 of this Order, (ii) be protected by secure data encryption, (iii) not be accessible to the public or to unauthorized third parties, and (iv) not be used to train, improve, or develop any public models or tools. A party using any AI Tool shall ensure that Confidential Information can be deleted from the AI Tool, including any derivative information stored within the AI Tool. This Paragraph shall apply even where information has been redacted, anonymized, summarized, paraphrased, or otherwise derived from Confidential Information.

14. Any inputs, prompts, outputs, summaries, analyses, or other materials created from or reflecting Confidential Information shall be treated as Confidential Information under this Order. In addition, inputs, prompts, outputs, summaries, analyses, or other materials created from or reflecting Confidential Information shall not constitute a waiver of any privilege, work-product or other protections. If a party learns that Confidential Information has been disclosed to an AI Tool in violation of this Order, it shall promptly notify the producing party, identify the Confidential Information and AI Tool involved, take reasonable steps to delete or remove the Confidential Information, and cooperate in good faith regarding remediation. Such unauthorized use shall not waive any confidentiality, privilege, work-product or other protection.

Case 1:26-cv-01732-CM Document 29 Filed 11/04/26 Page 5 of 7

SO STIPULATED AND AGREED.

Dated: New York, New York
November 3, 2026

**JOSEPH & NORINSBERG, LLC**

By: ______________________________
Kassandra Vazquez, Esq.
Monica Hincken, Esq.
825 Third Avenue, Suite 2100
New York, New York 10022
Tel.: (212) 227-5700
kassandra@employeejustice.com
mhincken@employeejustice.com

*Attorneys for Plaintiff*

Dated: New York, New
York November 3, 2026

**JACKSON LEWIS P.C.**

By: ______________________________
Felice B. Ekelman, Esq.
Catalina Cadavid, Esq.
666 Third Avenue, 28th Floor
New York, New York 10017
Tel.: (212) 545-4058
Felice.Ekelman@jacksonlewis.com
Catalina.Cadavid@jacksonlewis.com

*Attorneys for Defendant*

SO ORDERED.

______________________________
United States District Judge

Dated: 5 November, 2026

Case 1:26-cv-01732-CM Document 29 Filed 11/04/26 Page 6 of 7

**Exhibit A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MIRANDA COUGHLAN.<br>Plaintiff,<br>against<br>SIXTY HOSPITALITY, LLC d/b/a AVRA MADISON,<br>Defendant. | CIVIL ACTION NO.: 1:26-cv-01732<br><br>**NON-DISCLOSURE AGREEMENT** |

I, ______________________________, acknowledge that I have read and understand the Confidentiality Stipulation and Protective Order in this action governing the non-disclosure of those portions of discovery material that have been designated as Confidential. I agree that I will not disclose such material to anyone other than for purposes of this litigation, that I will not submit, upload, or otherwise provide such material to any Artificial Intelligence Tool except as permitted by the Confidentiality Stipulation and Protective Order, and that at the conclusion of the litigation I will either return all discovery material to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery material. By acknowledging these obligations under the Confidentiality Stipulation and Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated:

______________________________ ______________________________
Name (printed) Signature

Signed in the presence of:

______________________________
Attorney

4905-4274-0446, v. 1

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES'STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.